# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS

ARTHUR ANDERSON                                      PETITIONER

v.                        NO.     4:15cr00169-JM-1
                               4:19cv000088

UNITED STATES OF AMERICA                           RESPONDENT

## ORDER

Pending is Petitioner's motion to vacate, set aside or correct sentence filed pursuant to 18 U.S.C. §2255. (Docket # 169). On February 25, 2021 the Court held a hearing on Anderson's §2255 petition. All issues raised in the original petition were dismissed with prejudice except for issues pertaining to failure to investigate the law of the case, specifically with regard to a departure or variance. The parties were directed to file supplemental briefs on the remaining issue.

Anderson has now filed his supplemental brief and the United States has responded. For the reasons set forth herein, the motion is DENEID.

On August 5, 2015, a grand jury in the United States District Court for the Eastern District of Arkansas charged Arthur Anderson ("Anderson") with one count of conspiracy to knowingly and intentionally possess with the intent to distribute and to distribute more than 50 grams of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count 1), and three counts of knowingly and intentionally distributing at least 50 grams of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(A) (Count 2-4). On June 8, 2017, Anderson pled guilty to Count Two of the indictment charging him with distribution of at least 50 grams of actual methamphetamine which has a statutory mandatory

minimum sentence of 120 months' imprisonment. On February 6, 2018, the Court sentenced Anderson to 120 months' imprisonment with five years' supervised release and entered the final judgment.

In his supplemental briefing, Anderson argues that his attorney was ineffective for failing to investigate policy disagreements regarding methamphetamine actual and for allowing him to waive relief under 18 U.S.C. §3582(c)(2). Anderson argues that he should have received a downward variance in light of policy disagreements regarding methamphetamine actual and his prior counsel should have argued for a variance below the mandatory minimum.

To prevail on his ineffective assistance of counsel claim, Petitioner must show both deficient performance and prejudice. Petitioner must demonstrate (1) that his counsel's performance "fell below an objective standard of reasonableness," and (2) that it is reasonably probable that, "but for counsel's unprofessional errors, the result of the proceedings would have been different." *Wilson v. Armontrout*, 962 F.2d 817, 819 (8th Cir. 1992) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984)).

Anderson's arguments are without merit because the Court had no legal authority to impose a sentence below the statutory mandatory minimum of 120 months' imprisonment in this case. Anderson was not safety-valve eligible, and the United States did not file a motion to reduce his sentence for substantial assistance. The failure of defense counsel to argue for an illegal sentence is not ineffective assistance because counsel's performance was not deficient. Anderson cannot establish prejudice. *United States v. Frausto*, 754 F.3d 640, 642-643 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)); *Williams v. United States*, 452 F.3d 1009, 1014 (8th Cir. 2006). Finally, as to Anderson's waiver of claims pursuant to 18 U.S.C. §3582(c)(2), Anderson has failed to identify any changes to the sentencing guidelines that would favorably

impact his sentence.

For these reasons, Petitioner's Motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. No. 169) is DENIED, and this case is DISMISSED with prejudice.

IT IS SO ORDERED this 24th day of May, 2021.

JAMES M. MOODY, JR.
UNITED STATES DISTRICT JUDGE